UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. ALBERT BRUNO and ALEX STRAHAN** | **CIVIL ACTION** |
| **VERSUS** | |
| **BRAD SCHAEFFER, ET AL.** | **NO. 16-1-BAJ-RLB** |

## ORDER

Before the Court are three motions. First, Defendants Javid and Lisa Janani, and Quantum Laboratories, L.L.C. (the "Quantum Defendants") filed their Motion for Stay of Proceedings (R. Doc. 106) on January 23, 2020. Second, Plaintiffs-Relators Albert Bruno and Alex Strahan filed their Motion to Continue Scheduling Order (R. Doc. 109) on January 24, 2020. Lastly, Defendants Brad Schaeffer, MedComp Sciences, LLC, MedComp Laboratory Sciences, LLC, Alpha Labs LLC, Beta Lab, L.L.C., Gamma Lab, L.L.C., and Sigma Labs LLC (the "MedComp Defendants") also filed a Motion for Stay of Proceedings (R. Doc. 113) on February 3, 2020.

The Court granted the Defendants' requests for expedited consideration and conducted a telephone conference call on February 4, 2020, wherein the representations made in the motions to stay discovery were discussed. (R. Doc. 115). Following that, Plaintiffs-Relators filed a Response to Defendants' Motions for Stay (R. Doc. 118) on February 5, 2020, wherein they suggested a bifurcated stay that would allow them to proceed with certain limited discovery. The MedComp Defendants filed a Reply (R. Doc. 121) on February 6, 2020.  The Quantum Defendants filed a Supplemental Memorandum in Support of the Motion for Stay. (R. Doc. 133).

Jury

Also before the Court is a Motion to Modify Subpoena filed by certain non-parties pertaining to subpoenas served by the Plaintiffs-Relators. (R. Doc. 124). A response has been filed. (R. Doc. 126).

**I.     Law and Analysis**

"When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *United States v. Kordel*, 397 U.S. 1, 12 (1970). A district court may stay a civil action pending the resolution of a related criminal proceeding under "special circumstances" to prevent a party from suffering substantial and irreparable prejudice. *Atkins v. Se. Cmty. Health Sys.*, 2012 WL 370218, at *1 (M.D. La. Feb. 3, 2012) (citing *Lodge v. Boyd*, 2011 WL 4727863 (E.D. La. 2011)). In determining whether a civil action should be stayed, a court considers the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the privacy interest of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interest of and burden on the defendants; (5) the interest of the courts; and (6) the public interest. *See SEC v. AmeriFirst Funding, Inc.*, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008).

Defendants seek a stay of the matter in its entirety "pending the completion of the Criminal Matter." (R. Doc. 106-1 at 11). In opposition, Plaintiffs-Relators argue that a stay is not warranted, and request a carve-out for limited discovery in the event the Court finds a stay warranted. (R. Doc. 118 at 4). For the reasons set forth more fully below, the Court finds good cause to stay this civil proceeding for 3 months, at which point the parties shall file a Joint Status Report regarding the status of the criminal proceedings.

### A.    Overlapping Issues

All parties agree that the criminal investigation forming the underlying request for a stay is based on the same alleged facts and circumstances surrounding this instant civil action. For example, the Quantum Defendants state that the criminal investigation is "related to the exact same conduct alleged in the civil litigation." (R. Doc. 106 at 1). Plaintiffs-Relators note that "there appears to be overlap between this case and the criminal investigation." (R. Doc. 118 at 6).

In their Supplemental Memorandum, the Quantum Defendants continue to urge a stay of this matter on the grounds that the criminal investigation is "inextricably intertwined and that the civil case is being used to gather evidence for potential use in the criminal investigation," and suggest that the criminal investigation "was initiated as a result of the filing of this *qui tam* suit." (R. Doc. 133 at 2). Additionally, counsel for the Quantum Defendants represented in his sworn Affidavit that Mr. Justin Woodard, the trial attorney for the U.S. Department of Justice, informed him that the criminal investigation "started as a civil case and turned into a criminal one," and that the allegations are the same as those asserted in the civil litigation. (R. Doc. 106-2 at 2-3). These representations support the conclusion that the issues raised in the civil litigation and criminal investigation are substantially overlapping.

Thus, the first factor weighs in favor of granting a stay.

### B.    Status of Criminal Case

All parties represent that the individual Defendants are currently the subject of a criminal investigation. In opposition to a stay, Plaintiffs-Relators point out that "none of the Defendants have been indicted," and that "status of the criminal investigation is unknown." (R. Doc. 118 at

6). Here, the Court finds this factor to weigh in favor of granting a stay for the reasons that follow.

Some jurisprudence suggests that an absence of indictment in related criminal proceedings would tip the scales in favor of denying a requested stay. *See, e.g., Gonzales v. Fesenius Medical Care North America*, 571 F.Supp. 2d 758, 762 (W.D. Tex. Aug. 14, 2008). In *Gonzales*, the court noted the absence of indictment in support of its view that it could not "determine with specificity the degree of overlap between the instant civil action and the pending criminal investigation." *Gonzales*, 571 F.Supp. 2d at 762. The same concerns are not present here, as all parties represent that the criminal investigation being conducted arises out of the same facts and allegations that are the subject of the civil litigation.

"Even where there are not yet criminal charges filed, 'this fact does not militate against the granting of a stay of discovery.'" *Waste Management of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) (citing *SEC v. Offill*, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008)). Despite there not yet being an indictment in the criminal proceedings, the Court still finds this factor to weigh in favor of granting a stay. Notwithstanding the absence of an indictment at this point in time, there is some indication that the criminal investigation remains active. For example, the Quantum Defendants represent that a search warrant was obtained and executed on the offices of Quantum Laboratories, L.L.C., which resulted in the seizure of numerous documents and records. (R. Doc. 106-1 at 2; R. Doc. 106-2 at 2). The same representations have been made by the MedComp Defendants. (R. Doc. 113-1 at 3). The criminal investigation arises out of the same allegations as this action and the trial attorney for the U.S. Department of Justice has confirmed that the criminal investigation of the defendants is active. (R. Doc. 106-2 at 3).

4

Lisa and Javid Janani have been advised to assert their constitutional rights under the Fifth Amendment, and Defendant Schaeffer suggests that proceeding with the civil matter jeopardizes his constitutional rights in the investigation. (R. Doc. 106-3 at 3; R. Doc. 113 at 1). Additionally, the Court notes that Plaintiffs-Relators have alleged that the individual defendants are owners of the entity defendants, and that "[g]iven the relationships between and among them… all Defendants acted jointly, collectively, in combination and conspiracy with each other." (R. Doc. 1 at 8-9).

Given the alleged overlap between the individual defendants and the entity defendants, the Court has serious concern about the ability of the litigation to progress effectively should the individual defendants assert their rights under the Fifth Amendment.

In addition, the Court is also sensitive to the concerns expressed in *Waste Management* regarding forcing subjects of a criminal investigation "to choose between their civil discovery obligations and their ability to assert their Fifth Amendment privilege against self-incrimination." 2012 WL 520660, at *5. Defendants Lisa and Javid Janani have already expressed their intention to invoke their Fifth Amendment rights, and Defendant Schaeffer has expressed concerns about jeopardizing his constitutional rights as well. Thus, under these facts and circumstances, this factor weighs in favor of granting the stay requested.

### C. Plaintiffs-Relators' Privacy Interests

Plaintiffs-Relators suggest that "allowing the requested discovery to move forward will further Relators' 'legitimate interest in the expeditious resolution of their case.'" (R. Doc. 118 at 6). The Court agrees in principle that a plaintiff has a justified interest in expeditious resolution of their case, but in practice under these facts, the Court is not so convinced. Were the Court to

5

deny the stay, it seems readily apparent that progress would be frustrated by the assertion of the Fifth Amendment rights of the individual Defendants. Accordingly, this factor is neutral.

### D. Defendants' Burden

The *Waste Management* case is once again instructive with regard to the effect on Defendants should the stay be denied. There, the Court noted that the "individual defendants… would be forced to choose between their civil discovery obligations and their ability to assert their Fifth Amendment privilege against self-incrimination," and that the "entity defendants, meanwhile, would likely be unable to fulfill their civil discovery obligations without the benefit of the testimony of Heebe, Ward, and other witnesses likely to invoke their Fifth Amendment rights." *Waste Management*, 2012 WL 520660 at *5. The same potential issues arise in this litigation in the event the stay were denied such that this factor also weighs in favor of granting the stay requested.

### E. Court's Interest

It is well-settled that a court has an interest in judicial economy and efficient resolution of the issues before it. Here, however, for the same reasons noted above, the Court is not convinced that denial of the requested stay would serve those ends. Rather, the likely outcome would be a piecemeal discovery process frustrated by the assertion of Fifth Amendment rights, thereby increasing the judicial resources to be expended in the long term. Thus, this factor weighs in favor of granting the stay requested.

### F. Public's Interest

Citing *Gonzales*, 571 F.Supp. 2d at 763, 765, Plaintiffs-Relators suggest that the public maintains an interest "in both the prompt resolution of civil cases as well as the prosecution of criminal cases" in support of their position that requested discovery should be allowed. (R. Doc.

6

118 at 6-7). The Court agrees that the public has a strong interest in the efficient resolution of both civil and criminal proceedings, but maintains concerns that denying a stay would serve that end. Thus, this factor is also neutral.

### G. Plaintiffs-Relators' Requested Discovery

Having concluded that the weight of the factors to be considered when determining whether to stay a civil litigation pending a criminal investigation tips the scales in favor of a stay, the Court now turns to Plaintiffs-Relators' request to allow certain limited discovery in light of the stay. Plaintiffs ask the Court to allow the following three categories of discovery to proceed regardless of whether there is a stay: (1) production of laboratory requests/requisition forms for August 1, 2012 through October 16, 2017 from Defendant MedComp; (2) review and copying of laboratory requests/requisition forms made available by Defendant Quantum; and (3) outstanding subpoenas to certain third parties. (R. Doc. 118 at 2-3).

Regarding the first two categories, Plaintiffs-Relators represent that they have almost completed review of said discovery from Defendant Quantum, which entity has made the requested information available. (R. Doc. 118 at 3). As to the same information requested from Defendant MedComp, the Court understands that Defendant MedComp has already provided some information for a limited timeframe, but there is disagreement as to whether the information as it pertains to the full timeframe was initially requested. Plaintiffs-Relators have propounded a supplemental request specific to this information. (R. Doc. 118 at 3; R. Doc. 118-4). This supplemental request was dated January 30, 2020, a full week after the first Motion to Stay was filed by the Quantum Defendants, and just 2 business days prior to the MedComp Defendants' Motion to Stay. The Court also notes that additional information requested goes beyond the parties' various correspondence and appears to be unrelated to any prior discovery.

7

The Court has also considered whether to permit the completion of production of records under third party subpoenas. The record demonstrates that certain third parties have found it necessary to seek Court relief due the scope of such subpoenas (R. Doc. 124). The Relators' response to that motion indicates that the relevant parties have resolved their dispute such that the Court's intervention on this issue has been rendered moot. (R. Doc. 126 at 3).

Even so, while requiring a production to be made or further document review be completed may be appropriate under normal circumstances, given the state of affairs throughout the country as a result of the COVID-19 pandemic, the Court finds it appropriate to stay this case in its entirety, including all pending discovery. The challenges associated with discovery given the current situation are many, including but not limited to physical document production and review by parties and non-parties alike. This stay will be in effect until at least July 24, 2020, at which time the parties shall file a Joint Status Report as to the issues discussed herein, under seal if necessary. This Order applies to all matters going forward. To the extent that any responses have been received prior to the issuance of this Order, the issue is moot. To the extent there remains any outstanding discovery, however, this Order shall so apply.

Accordingly, the case shall be stayed for all purposes, including discovery.

## II. Conclusion

Considering the motions, and the representations of the parties therein, the Court finds good cause to stay this proceeding. On or before July 24, 2020, the parties shall file a Joint Status Report, under seal if necessary, providing any update as to the status of these issues discussed in this Order, at which time the Court will address whether a continuation of the stay is warranted.

The parties are advised that the pending Motion to Clarify or, Alternatively, to Modify Protective Order (R. Doc. 127) is under consideration and a ruling on that motion is forthcoming.

Based on the foregoing,

**IT IS ORDERED** that the Motion for Stay of Proceedings (R. Doc. 106) filed by the Quantum Defendants, and the Motion for Stay (R. Doc. 113) filed by the MedComp Defendants are **GRANTED.**

**IT IS FURTHER ORDERED** that the parties file a Joint Status Report on or before July 24, 2020 as set forth above.

**IT IS FURTHER ORDERED** that the Motion to Continue Scheduling Order (R. Doc. 109) filed by Plaintiffs-Relators is **GRANTED**, and all deadlines are hereby terminated, up to and including trial. The Court will issue an amended scheduling order if and when appropriate.

**IT IS FURTHER ORDERED** that the Motion to Modify Subpoena (R. Doc. 124) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on April 24, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**